## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Patricia Jelinek, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| The Kroger Co., an Ohio Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Patricia Jelinek ("Jelinek"), brings this action against The Kroger Co. ("Kroger") for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), Invasion of Privacy by Intrusion Upon Seclusion, and Private Nuisance to recover damages arising from Kroger's barrage of unwanted telephone calls to her home. In support hereof, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction under 28 U.S.C. §1331 (general federal question), 28 U.S. C. §1337 (commerce regulations exceeding $10,000 in controversy), and 47 U.S.C. §227 (TCPA).

2.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S. C. §1367 because they form part of the same case or controversy as Plaintiff's claim under federal law.

3.     Venue in this District is proper because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Kroger resides and transacts business here.

## PARTIES

4.    Jelinek is a citizen of the State of Illinois who resides in this District in DeKalb, Illinois.

5.    Kroger is an Ohio corporation that maintains its headquarters in Cincinnati, Ohio.

6.    Kroger used interstate phone lines to initiate telephone solicitations to Jelinek's home phone hundreds of times; however, Jelinek is not and never has been a customer of Kroger.

## THE TELEPHONE CONSUMER PROTECTION ACT 1991 (TCPA), 47 U.S.C. § 227

7.    In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing and telephone solicitation practices.

8.    Under the TCPA, the FCC established the National Do Not Call List.

9.    The TCPA regulates, among other things, automated telephone calls, calls to residential subscribers before the hour of 8:00am or after 9:00pm, calls to residential subscribers who have registered on the National Do Not Call List, and procedures for addressing specific requests from persons who wish to no longer receive calls.

## FACTUAL ALLEGATIONS

10.    At all times relevant, Jelinek was an individual residing in the State of Illinois and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

11.    Jelinek has never been a customer of Kroger.  Moreover, her home telephone number is both unlisted in public telephone directories and registered on the National Do Not Call List.

12.    Nonetheless, Jelinek began receiving numerous telephone calls from Kroger in 2010, eventually receiving a barrage of calls on January 11, 2011, which continued late into the evening.  Even after Jelinek requested that Kroger cease further calls, Kroger's calls continued on numerous dates thereafter from several phone numbers, including:   815-673-4391, 815-226-0141, 815-623-7799, 815-332-7267.

13.    Due to Kroger's misconduct, Ms. Jelinek has lost sleep, was unable to receive calls from family, friends and other businesses, was unable to access the internet due to the line being constantly busy, and was forced to upgrade her phone service, which cost her more money.

14.    Ms. Jelinek never provided Kroger with prior expression invitation or permission to call her, in writing or otherwise.

15.    Ms. Jelinek did not have a personal relationship with Kroger.

16.    Ms. Jelinek received dozens of calls from Kroger despite her registration on the National Do Not Call List.

## COUNT I
### Violations of the Telephone Consumer Protection Act
### 1991 (TCPA), 47 U.S.C. § 227

17.    Plaintiff incorporates and realleges ¶¶ 1-16.

18.     Kroger initiated telephone solicitations to Plaintiff's residential telephone line on dozens of occasions.

19.     Kroger's calls were initiated despite Plaintiff's registration on the National Do Not Call List.

20.     Kroger failed to maintain reasonable written procedures to prevent calls to registrants on the National Do Not Call List.

21.     Kroger failed to maintain reasonable written procedures for compliance with specific requests from an individual that it cease calls.

22.     Kroger deliberately initiated each call to Plaintiff such that it willfully and knowingly violated the TCPA.

23.      Plaintiff is also entitled to and seeks injunctive relief prohibiting Kroger's violations of the TCPA in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Patricia Jelinek requests that, pursuant to 47 U.S.C. § 227(c)(5), this Court enter judgment in favor of Plaintiff and against Kroger for:

a.     Injunctive relief prohibiting such violations of the TCPA by Kroger in the future;

b.     $500 in statutory damages for each and every call that violated the TCPA as a result of Kroger's negligent conduct;

c.     Treble damages for each and every call that violated the TCPA as a result of Kroger's willful or knowing conduct; and

d.     Such other relief as this Court deems just and proper.

4

## COUNT II
## Invasion of Privacy by Intrusion upon Seclusion

24.     Plaintiff incorporates and realleges ¶¶ 1-16.

25.     Kroger's persistent and unwanted telephone calls intruded upon the solitude and seclusion of Plaintiff in her private affairs and concerns.

26.     Kroger continued to invade Plaintiff's privacy even though Plaintiff had sought protection by registering on the National Do Not Call List.

27.     Kroger's conduct is highly offensive to a reasonable person.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Patricia Jelinek requests that this Court enter judgment in favor of Plaintiff and against Kroger for:

a.     Actual damages, including general damages;

b.     Punitive damages;

c.     Costs of suit; and

d.     Such other relief as this Court deems just and proper.

## COUNT III
## Private Nuisance

28.     Plaintiff incorporates and realleges ¶¶ 1-16.

29.     Kroger substantially invaded Plaintiff's interest in the use and enjoyment of her home.

30.     Kroger's barrage of telephone calls created noise offensive to the senses and made life uncomfortable for Plaintiff.

31.     Kroger's conduct was unreasonable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Patricia Jelinek requests that this Court enter judgment in favor of Plaintiff and against Kroger for:

      a.     Actual damages, including general damages;

      b.     Punitive damages;

      c.     Costs of suit; and

      d.     Such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff, Patricia Jelinek, demands trial by jury.

Patricia Jelinek,
By: /s/ Keith J. Keogh
One of Plaintiff's Attorneys

Dated: August 13, 2012

Keith J. Keogh    (Ill. Bar No. 06257811)
Timothy J. Sostrin (Ill. Bar No. 06290807)
Keogh Law, Ltd.
101 North Wacker Drive, Suite 605
Chicago, Illinois 60606
312-726-1092
312-726-1093 (FAX)
Keith@keoghLaw.com
TSostrin@keoghlaw.com

David J. Philipps   (Ill. Bar No. 06196285)
Mary E. Philipps   (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com