

| Order Form (01/2005) | | | |
|---|---|---|---|
| **United States District Court, Northern District of Illinois** | | | |
| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
| CASE NUMBER | 12 C 6411 | DATE | 4/10/2013 |
| CASE TITLE | Patricia Jelinek vs. The Kroger Co. | | |

**DOCKET ENTRY TEXT**

Defendant The Kroger Co.'s Motion to Dismiss All Counts of Plaintiff's Amended Complaint [28] is denied. Defendant's Motion to Dismiss Plaintiff's Complaint [15] is denied as moot.

☐ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Patricia Jelinek ("Plaintiff") sues Defendant The Kroger Co. ("Defendant") for violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and violations of state-law including Invasion of Privacy by Intrusion Upon Seclusion and Private Nuisance. Before the Court is Defendant's Motion to Dismiss All Counts of Plaintiff's Amended Complaint. Defendant argues for dismissal of Plaintiff's TCPA claims with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). Further, Defendant argues for dismissal without prejudice or, alternatively, for relinquishment of jurisdiction over Plaintiff's remaining state-law claims, should the Court dismiss Plaintiff's federal claims. For the following reasons, the motion is denied.

A complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Determining plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (citation omitted). Thus, in order to survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 935 (7th Cir. 2012) (internal quotation marks and citation omitted). The Court accepts "all well-pleaded allegations of the complaint as true and view[s] them in the light most favorable to the plaintiff." Id. at 934 (internal quotation marks and citation omitted).

As an initial matter, the Court notes that Plaintiff voluntarily withdraws and stipulates to dismiss her claim pursuant to § 227(b)(1)(B) of the TCPA, which alleges the use of an artificial voice to deliver a message without consent. Plaintiff's claims pursuant to § 227(b)(1)(C), (c) of the TCPA, however, remain.

Section 227(b)(1)(C) provides that "[i]t shall be unlawful . . . to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement." 47 U.S.C. § 227(b)(1)(C). Defendant argues that Plaintiff cannot state a claim under this section because the alleged fax was sent to her telephone—not a fax machine—and because Plaintiff only heard a fax tone—not an unsolicited advertisement as defined by the statute. However, Defendant's factual arguments are best reserved for resolution on summary judgment. Here, on a motion to dismiss, Plaintiff need only "state a claim to relief that is plausible on its face." Alam v. Miller Brewing Co., 709 F.3d 662, 665 (7th Cir. 2013) (internal quotation marks and citation omitted). Plaintiff alleges that, between 2010 and 2012, she received unsolicited and unauthorized telephone calls from Defendant, wherein she heard "a fax tone attempting to communicate with a fax machine." Pl.'s More Definite

| STATEMENT |
|---|

Statement ¶ 5. Specifically, Plaintiff alleges that "each of Defendant's telephone calls was an attempted facsimile transmission initiated for telemarketing purposes . . . to promote the availability and encourage the purchase of Defendant's prescription refill services, generic drug offerings, or other products and services." Id. ¶ 6. Plaintiff further alleges that her telephone number is registered on the National Do-Not-Call List. Accepting these assertions as true, as the Court must at this stage of the litigation, the Court finds that Plaintiff's allegations are sufficient to state a claim under § 227(b)(1)(C) of the TCPA.

Next, Defendant argues that Plaintiff fails to state a claim under § 227(c)—which prohibits telephone solicitations to numbers registered on the National Do-Not-Call List—because a fax tone does not constitute a solicitation. The TCPA defines a telephone solicitation as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4). The Court finds that Plaintiff sufficiently alleges a violation under this provision in claiming that, "despite her registration on the National Do Not Call List . . . [Defendant] initiated the calls to Plaintiff for telemarketing purposes . . . to promote the availability and encourage the purchase of its prescription refill services. . . ." Am. Compl. ¶¶ 16-17. Therefore, Defendant's motion to dismiss Plaintiff's TCPA claims is denied.

Because Plaintiff's federal claims remain, the Court declines to relinquish jurisdiction over, or otherwise dismiss without prejudice, Plaintiff's state-law claims at this time. For the foregoing reasons, Defendant's motion to dismiss is denied.

IT IS SO ORDERED.



